UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

                                                      18-CR-6094-FPG
                                                     23-CV-6443-FPG

v.

                                                     DECISION AND ORDER

JONATHAN CRUZ-CARMONA,

                          Defendant.
───────────────────────────────

## INTRODUCTION

On September 10, 2020, the Court entered judgment against Defendant Jonathan Cruz-Carmona, who had pleaded guilty to murder with a firearm in furtherance of a drug trafficking crime. *See* ECF No. 444. On June 13, 2023, the Court issued an amended judgment after granting the government's motion for a downward departure. ECF Nos. 790, 791. In August 2023, Defendant moved to vacate his conviction under 28 U.S.C. § 2255. ECF No. 795. The government opposes the motion. ECF No. 807. For the reasons stated herein, Defendant's motion is DENIED.

## LEGAL STANDARD

Relief "is generally available under [Section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "In ruling on a motion under [Section] 2255, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)).

## BACKGROUND

The plea agreement recites the factual basis for Defendant's conviction. From 2015 to 2018, Defendant was part of a narcotics trafficking organization in Rochester. ECF No. 389 at 3. In September 2016, Defendant shot and killed a rival drug dealer in furtherance of the organization's activities. *See id.* at 3-4. In the third superseding indictment, Defendant was charged with, *inter alia*, murder with a firearm in furtherance of a drug trafficking crime. ECF No. 240 at 6-7.

In May 2020, Defendant pleaded guilty to the murder charge pursuant to a plea agreement. ECF Nos. 389, 390. There was no cooperation provision associated with the plea agreement. *See* ECF Nos. 389, 415. Defendant was sentenced in September 2020 to a term of imprisonment of 300 months. ECF Nos. 443, 444. It was not until March 2021 that the government and Defendant entered into a cooperation agreement. ECF No. 807-4. In exchange for Defendant's testimony regarding the narcotics conspiracy, the government agreed to file a Rule 35(b) motion to reduce Defendant's sentence.[1] *Id.* at 4. The agreement makes clear that the government retained the "sole discretion" to decide whether to make the motion, and the court retained the sole discretion to grant the motion. *Id.*

After Defendant provided testimony in the trial of his co-defendant Carlos Javier Figueroa, the government moved to reduce Defendant's sentence in May 2023. ECF No. 787. The Court granted that motion and reduced Defendant's term to 200 months. ECF Nos. 790, 791. Defendant filed his motion to vacate two months later. ECF No. 795.

## DISCUSSION

Defendant claims that his attorney, Lawrence L. Kasperek, provided ineffective assistance of counsel, though the precise scope of his claim is unclear. Defendant alleges that he agreed to

---

[1] Rule 35(b)(1) permits a court, upon "the government's motion," to reduce a sentence "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).

2

plead guilty, be sentenced, and cooperate with the government on the "promise that he would be resentenced in the near future to a reduced sentence . . . contingent upon his cooperation." ECF No. 795 at 1-2. Defendant asserts that, at the time of his original sentencing in September 2020, he told Attorney Kasperek that he would cooperate in exchange for a sentence "below the 10 year mandatory minimum." *Id.* at 2. After sentencing, Attorney Kasperek "failed to communicate" with Defendant about the cooperation agreement for the next "two-and-half [sic] years." *Id.* Attorney Kasperek waived Defendant's appearance at the resentencing in June 2023, ECF No. 790, and Defendant only learned about his 200-month sentence when his brother informed him of it some time later. ECF No. 795 at 2.

As the government points out, however, several of Defendant's allegations are contradicted by the record evidence. There was no cooperation agreement in place at the time Defendant originally pleaded guilty or was sentenced. As Defendant himself admitted under oath at his co-defendant's trial, he did not agree to cooperate until March 2021. *See* ECF No. 807-5 at 7; *see also id.* (responding "no" to the question "[a]t the time you were sentenced in September of 2020, did you agree to cooperate"). Defendant also admitted other facts inconsistent with his current claims, including that the government made no promises to a particular reduction that it would recommend; that he sought no specific reduction for his cooperation; and that he was aware the judge—rather than the government—would decide whether and how much Defendant's sentence would be reduced. ECF No. 807-5 at 9, 239-48, 265-66.

In light of these facts, to the extent Defendant is asserting Attorney Kasperek wrongfully induced him to plead guilty or cooperate with the government on the false promise that his sentence would be reduced to less than the mandatory minimum, such a claim must fail. Rather, Defendant knowingly pleaded guilty without the benefit of a cooperation agreement, and he later agreed to cooperate with the understanding that the government retained the discretion to recommend, and

3

the Court retained the discretion to impose, a reduced sentence. Defendant's self-serving allegations to the contrary do not warrant a hearing, let alone substantive relief. *See Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (noting that a district court need not conduct a hearing where a petitioner proffers only "own highly self-serving and improbable assertions" that "would not offer any reasonable chance of altering [the Court's] view of the facts").

Alternatively, Defendant may be arguing that, even though he voluntarily agreed to cooperate, Attorney Kasperek should have more "diligently negotiate[d]" a reduction "below the ten year mandatory minimum."[2] ECF No. 795 at 4. Defendant explains that the cooperation agreement "placed his children and family in grave danger," and required him to testify against individuals who "were like family to him." *Id.* A substantial sentence reduction was necessary to make Defendant's cooperation worthwhile. *See id.*

Assuming this is Defendant's argument, he has failed to prove the prejudice prong of his claim for ineffective assistance of counsel. "To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *Estevez v. United States*, No. 19-CV-1362, 2020 WL 4462900, at *2 (D. Conn. Aug. 4, 2020) (internal quotation marks omitted). "To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kovacs v. United States*, 744 F.3d 44, 51 (2d Cir. 2014) (internal quotation marks omitted).

Here, Defendant offers no evidence that, absent Attorney Kasperek's alleged ineffective assistance, he could have secured a more favorable recommendation from the government or a more favorable sentence from the Court in connection with his cooperation. Although Defendant

---

[2] To the extent Defendant's argument is merely that Attorney Kasperek failed to communicate with him, the Court observes that "[a]n attorney's failure to communicate with his or her client, by itself, does not constitute *per se* ineffective assistance of counsel." *Beck v. Conway*, No. 11-CV-60, 2014 WL 774967, at *5 (E.D.N.Y. Feb. 25, 2014).

attempts to rely on recent retroactive amendments to the sentencing guidelines for the benefit of "first time offenders" to suggest that he merited a more substantial reduction, ECF No. 795 at 5, those changes do not apply where, as here, the defendant's offense "result[ed] in death or serious bodily injury." *United States v. Sanchez*, No. 01-CR-170, 2024 WL 3328608, at *3 (E.D.N.Y. July 8, 2024) (discussing retroactive amendments). Defendant's conclusory assertion that a ten-year sentence was "warranted in this case" is insufficient to prove prejudice. *Cf. Suarez v. United States*, No. 11-CR-839, 2016 WL 3432464, at *5 (S.D.N.Y. June 16, 2016) (collecting cases and noting that the "bald assertion that [a petitioner] was entitled to a better plea bargain is not a basis upon which habeas relief can be granted").

Defendant has not demonstrated his entitlement to habeas relief.

## CONCLUSION

For the foregoing reasons, Defendant's motion to vacate (ECF No. 795) is DENIED. Because Defendant has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The Clerk of Court is directed to close the civil case associated with the petition (Case No. 6:23-CV-6443).

IT IS SO ORDERED.

Dated: August 2, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York